```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

JAMES B. STRUNK, :
: NO. 1:07-CV-862
    Petitioner, :
:
:
v. : **OPINION AND ORDER**
:
:
WARDEN, CHILLICOTHE :
CORRECTIONAL INSTITUTION, :
:
    Respondent.

       This matter is before the Court on the Report and Recommendation in which the assigned Magistrate Judge recommended that Petitioner's Petition for Writ of Habeas Corpus be denied (doc. 15). For the reasons indicated herein, the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety.

       On October 15, 2007 pro se Petitioner James B. Strunk, an inmate at the Chillicothe Correctional Institution in Chillicothe, Ohio, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Id.). Petitioner pled three grounds for relief: (1) "[t]he trial court erred by failing to instruct the jury on the affirmative defense of entrapment, except on Count VII, where there was substantial evidence to support the defense;" (2) "[t]he jury's conviction of Petitioner on Counts Two and Three, receiving stolen property, was not supported by sufficient evidence when Petitioner was not explicitly informed that the property was stolen;" and (3)

"[t]rial court erred by rendering a sentence which constituted, at least in part, punishment for exercising Petitioner's right to a jury trial" (doc. 2).

In the Report and Recommendation, the Magistrate Judge considered each of Petitioner's arguments, and found each to be without merit (doc. 15). First, the Magistrate Judge considered Petitioner's first ground for relief, and concluded that he was not entitled to relief because Petitioner's claim raised only an issue of state law to the Ohio courts (Id.). The Magistrate Judge found that because Petitioner failed to present any federal due process claim to the Ohio courts, Petitioner waived such claim for purposes of federal habeas review (Id.).

Next, the Magistrate Judge considered the basis for Petitioner's second ground for relief, the sufficiency of evidence supporting his convictions for receiving stolen property (Id.). The Magistrate Judge concluded that when viewing the evidence presented at trial in sum, a rational juror could infer that "explicit representations" were made to Petitioner that the items in question were stolen (Id.). As a result, the Magistrate Judge found Petitioner was not entitled to relief based on his claim set forth in Ground Two of the petition.

Finally, the Magistrate Judge reviewed Petitioner's third ground for relief, his claim that the trial court improperly punished him for exercising his right to a jury trial (Id.). The

Magistrate Judge found "no evidence even remotely suggesting retaliation or vindictiveness by the trial court against petitioner for exercising his right to a jury trial" (Id.). Therefore, Petitioner was not entitled to habeas relief based on his claim alleged in Ground Three of the petition. The Court, having fully considered this matter, finds the Magistrate Judge's Report and Recommendation well-reasoned, thorough, and correct.

The parties were served with the Report and Recommendation and were therefore afforded proper notice of the Magistrate Judge's Report and Recommendation required by 28 U.S.C. § 636(b)(1)(C), including that failure to file timely objections to the Report and Recommendation would result in a waiver of further appeal. See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). Neither party filed any objections thereto within the ten days provided for by Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(C).

Having reviewed this matter de novo pursuant to 28 U.S.C. § 636(b), the COURT ADOPTS the Magistrate Judge's Report and Recommendation (doc. 15) in its entirety, and therefore DENIES Petitioner's writ of habeas corpus (doc. 2). Because "jurists of reason would not find it debatable as to whether this Court is correct in its procedural findings" in regards to Ground One, and because Petitioner has failed to make a substantial showing of the denial of a constitutional right on Grounds Two and Three or that

the issues presented are "adequate to deserve encouragement to proceed further," the Court DOES NOT issue a certificate of appealability in this case.  Finally, the Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in "good faith" and therefore DENIES Petitioner leave to appeal <u>in</u> <u>forma</u> <u>pauperis</u> upon a showing of financial necessity.

SO ORDERED.

Dated: January 20, 2009       /s/ S. Arthur Spiegel
                              S. Arthur Spiegel
                              United States Senior District Judge